**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| Mark Zeppa, | Civil Action No.: 4:13-cv-00368 |
| Plaintiff, | |
| v. | |
| Branson Vacation & Travel, LLC; and DOES 1-10, inclusive, | **COMPLAINT** |
| Defendants. | |

For this Complaint, the Plaintiff, Mark Zeppa, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

2. This Court has original jurisdiction over Plaintiff's TCPA claims. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740 (2012).

3. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

5. The Plaintiff, Mark Zeppa ("Plaintiff"), is an adult individual residing in Sulphur, Oklahoma and is a "person" as defined by 47 U.S.C. § 153(10).

6.	Defendant Branson Vacation & Travel, LLC ("Branson"), is a Missouri business entity with an address of 210 W Sunshine Street, Suite C, Springfield, Missouri 65807-2655.

7.	Does 1-10 (the "Agents") are individual agents employed by Branson and whose identities are currently unknown to the Plaintiff.  One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

8.	Branson at all times acted by and through one or more of the Agents.

## FACTS

9.	In early January 2013, Branson began calling Plaintiff's cellular number xxx-xxx-2983. At all times herein mentioned, Branson called Plaintiff's telephone using an automated telephone dialer system ("ATDS") and/or using an artificial or prerecorded voice (collectively hereafter "Robocalls").

10.	Branson placed anywhere from five to twelve Robocalls to Plaintiff's cellular phone per day, three to four days a week for successive weeks.

11.	Plaintiff works at night and sleeps during the day. Branson's repeated calls caused a great deal of inconvenience and annoyance to Plaintiff.

12.	Plaintiff has no prior business relationship with Branson and never provided Branson with his telephone number or any other contact information.

13.	Plaintiff never requested that Branson contact him for any reason.

14.	Each time Plaintiff answered a call from Branson, there was never a live person with whom Plaintiff could speak.

15.	On several occasions, Plaintiff returned calls to Branson in an effort to stop Branson from calling him, however Plaintiff was never able to reach a live representative to whom Plaintiff could speak.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 27 U.S.C. § 227, *et seq.*

16.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17.     Without prior consent the Defendants contacted the Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

18.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the Telephone Consumer Protection Act, including every one of the above-cited provisions.

19.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II
## INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

1.      Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

2.      The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

3.      Missouri further recognizes Plaintiff's right to be free from invasions of privacy, thus Defendants violated Missouri state law.

4.      Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with Robocalls.

5.     The telephone calls made by Defendants to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

6.     The conduct of Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

7.     As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

8.     All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);
2. Actual damages from the Defendants for all damages including reckless invasions of privacy in an amount to be determined at trial for the Plaintiff;
3. Punitive damages; and
4. Such other and further relief that the Court may deem just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 27, 2013

                                                Respectfully submitted,

                                                By: __/s/ Sergei Lemberg_____

                                                Sergei Lemberg, Esq.
                                                LEMBERG & ASSOCIATES L.L.C.
                                                1100 Summer Street, 3rd Floor
                                                Stamford, CT 06905
                                                Telephone: (203) 653-2250
                                                Facsimile:  (203) 653-3424
                                                Attorneys for Plaintiff